IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2007 JAN 31 PM 3: 03
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          CRIMINAL NO. 07-28 (JAG)

NIRMA CASTRO GONZALEZ,

Defendant.

## REPORT AND RECOMMENDATION

Defendant Nirma Castro González was charged in a one count Information wherein "on or about October 14, 2006, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, aided and abetted by others, knowing and in reckless disregards of the fact that a minor alien had not received prior official authorization to come to, enter and reside in the United States, did bring a minor into the United States aboard an American Eagle, Flight Number 5091, from Dominican Republic to Puerto Rico and upon arrival handed to the Primary Inspector a birth certificate under the name of A.M.R.C. and stated that he was her son. All the aforementioned facts in violation of Title 8, United States Code, Sections 1324(a)(2)(B)(ii)".

Defendant appeared before this Magistrate Judge on January 23, 2007, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Information, upon being advised of her right to have said proceedings before a district judge of

this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One she was examined and verified as being correct that: she had consulted with her counsel, Víctor González-Bothwell, with the Federal Defender's Office, prior to the hearing to enter a plea of guilty, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, her constitutional rights, and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States v. Nrma Castro González</u>
Criminal No. 07-28 (JAG)
Report and Recommendation
Page No. 3

compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney González-Bothwell, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offense as to which she was pleading guilty, including the term of five (5) years of imprisonment, a fine up to $250,000, and a supervised release term of not more than one (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, <u>United States Code</u>, Section 3013(a).

Insofar as Count One as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than

the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

Defendant was specifically informed that any sentencing calculations she could have discussed with her counsel were not binding for the sentencing court, but were only estimates of possible terms of her sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence. The government, defendant, and her counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant indicated she agreed with the government's factual submission.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any

sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.

Defendant was read in open court the Information and positively stated that what was contained in Count One of the Information was what she had done and to which she was pleading guilty during these proceedings. Thereupon, defendant indicated she was pleading guilty to Count One of the Information in Criminal No. 07-28 (JAG).

This Magistrate Judge after having explained to defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 07-28 (JAG).

**IT IS SO RECOMMENDED.**

The parties will be informed as to the date sentence will be promptly scheduled before Hon. Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 24th day of January of 2007.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE